**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NORTH ATLANTIC TRUCK GROUP, LLC, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SPLIETHOFF'S BEVRACHTINGSKANTOOR B.V. ) <br> ) <br> and ) <br> ) <br> OCEAN TRANSPORT SERVICES LLC, ) <br> ) <br> Defendants ) | CIVIL ACTION NO.: |

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1. Plaintiff brings this action for declaratory relief, breach of contract, conversion, civil conspiracy, and violation of Massachusetts General Laws Chapter 93A. As is described below, Defendants Spliethoff and OTS have claimed that Plaintiff owes Spliethoff over $180,000 pursuant to an alleged oral agreement, the existence of which Plaintiff denies. In reliance on the purported existence of the alleged oral agreement, Spliethoff has refused to release several trucks shipped by Plaintiff to Europe, which are presently in Spliethoff's custody and control. Defendants have deliberately engaged in this illegal behavior in order to unlawfully enrich themselves to the detriment of the Plaintiff.

JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under 28 U.S.C. §1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000. Venue is proper in this district inasmuch as the Plaintiff is located in Newton, Massachusetts and the Defendants are located outside of Massachusetts.

FACTUAL ALLEGATIONS

3. Plaintiff North Atlantic Truck Group, LLC is a Massachusetts limited liability company with a regular place of business at 274 Dedham Street, Newton, MA.

4. On information and belief, defendant Spliethoff's Bevrachtingskantoor B.V. is a corporate entity with headquarters in Amsterdam, Netherlands. Although Spliethoff's is headquartered in Amsterdam, it is subject to the Court's jurisdiction by virtue of G.L. c. 223A the long arm statute.

5. On information and belief, defendant Ocean Transport Services LLC is a limited liability company with offices in Baltimore, MD. Although OTS has offices in Baltimore, MD, it is subject to the Court's jurisdiction by virtue of G.L. c. 223A the long arm statute.

6. At all times relevant hereto, Plaintiff was in the business of shipping trucks from the United States to Europe.

7. At all times relevant hereto Spliethoff was in the business of operating oceangoing vessels and providing transoceanic shipping services from the United States to Europe.

8. On information and belief, OTS is Spliethoff's agent in the United States.

9.      At some point before May 22, 2008 Plaintiff shipped several trucks (the "Shipped Trucks") to Europe using Spliethoff as the shipping company.

10.     On or about May 22, 2008, Plaintiff's Manager met with representatives of the Defendants.  At this meeting, the parties discussed Plaintiff's future shipping needs.  The discussions were general and preliminary and at no time during this meeting did Plaintiff make any promises or commitments to use Spliethoff's services in the future.

11.     Following the May 22 meeting, Defendants claimed that at the meeting Plaintiff entered into a verbal contract with Spliethoff and comitted to use Spliethoff for shipping up to 30 trucks to Europe in the future.  A copy of Plaintiff's attorney's letter to Spliethoff is attached hereto as <u>Exhibit A</u>.

12.     Spliethoff claims that due to the alleged oral agreement, Plaintiff owes it over $180,000 is shipping fees.  A copy of Spliethoff's attorney's response to Plaintiff's attorney is attached herto as <u>Exhibit B</u>.

13.     Citing the non-existent verbal agreement, Spliethoff refused and continues to refuse to allow Plaintiff's customers in Europe to take delivery of the Shipped Trucks, using the Shipped Trucks as leverage to force Plaintiff to pay Spliethoff $188,000 on a non-existent contract.

## Count I:  Declaratory Relief

14.     Plaintiff repeats the allegations contained in Paragraphs 1 through 13 and, by this reference, incorporates them herein.

15.     There is a present case and controversy between Defendants and Plaintiff regarding whether Plaintiff owes money to Spliethoff pursuant to the alleged oral agreement.

16. Plaintiff is entitled to an order declaring its rights with respect to what amount, if any, it owes Spliethoff and that Spliethoff must immediately release the Shipped Trucks. In particular, Plaintiff is entitled to an order declaring that (a) there is no contract for shipping services between Plaintiff and Spliethoff, (b) that Plaintiff is not obligated to make any payments to Spliethoff, and (c) Spliethoff must release the Shipped Trucks to Plaintiff's customers immediately.

## Count II: Breach of Contract

17. Plaintiff repeats the allegations contained in Paragraphs 1 through 16 and, by this reference, incorporates them herein.

17. Spliethoff entered into a contract with Plaintiff to deliver the Shipped Trucks to Europe and to release them to Plaintiff's customers.

19. Plaintiff paid Spliethoff all of the shipping charges due for the Shipped Trucks.

20. By failing to release the Shipped Trucks to Plaintiff's customers Spliethoff breached its contractual obligations to Plaintiff and as the result Plaintiff suffered and continues to suffer damages.

## Count III: Conversion

21. Plaintiff repeats the allegations contained in Paragraphs 1 through 20 and, by this reference, incorporates them herein.

22. Defendants are improperly exercising dominion and control over goods properly belonging to the plaintiff and plaintiff's customers.

23. Plaintiff has suffered damages by virtue of Defendant's improper conversion.

### Count IV:  Civil Conspiracy

24. Plaintiff repeats the allegations contained in Paragraphs 1 through 23 and, by this reference, incorporates them herein.

25. Defendants conspired to falsely claim that Plaintiff entered into a contract with Spliethoff.

26. Defendants, by virtue of their joining together, have exercised a particular power over the Plaintiff which the defendants could not have exercised individually.

27. As a result of said conspiracy, Plaintiff suffered and continues to suffer damages.

### Count V:  Unfair Business Practices MASS. G.L.  C.  93A

28. Plaintiff repeats the allegations contained in Paragraphs 1 through 27 and, by this reference, incorporates them herein.

29. At all relevant times, Defendants have been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts.

30. By their conduct as set forth above, Defendants have willfully or knowingly engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A, §§ 2 and 11.

31. As a result, Plaintiff has suffered harm and damages for which Defendants are liable.

### Prayers for Relief

WHEREFORE, based upon the foregoing, Plaintiff prays for judgment in its favor and against Defendants as follows:

A.  For a declaratory judgment declaring that Plaintiff is not obligated to make any payments to Spliethoff and that Spliethoff must immediately release the Shipped Trucks.

B.  Find in favor of Plaintiff on all counts of its Complaint.

C.  Award Plaintiff multiple damages and attorneys' fees on account of Defendants willful or knowing violations of G.L. c. 93A; and

D.  Award Plaintiff's costs, attorney's fees, and such additional relief as the court deems fair and just.

**A TRIAL BY JURY IS DEMANDED FOR ALL CLAIMS SO TRIABLE.**

NORTH ATLANTIC TRUCK GROUP, LLC
By its attorneys,

/s/ Evan Fray-Witzer
Evan Fray-Witzer (BBO # 564349)
Law Office of Evan Fray-Witzer
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@Fray-Witzer.com


/s/ Valentin D. Gurvits
Valentin D. Gurvits (BBO # 643572)
BOSTON LAW GROUP, LLP
20 Park Plaza, Suite 637
Boston, Massachusetts 02116
(617) 426-6804
vgurvits@bostonlawgroup.com

July 21, 2008